NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYCE EVERETT PETERSON, | No. 22-35732 |
| Petitioner-Appellant, | D.C. No. 9:17-cv-00019-DLC |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF MONTANA; JIM SALMONSEN, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted February 7, 2024**
Portland, Oregon

Before: McKEOWN, BYBEE, and BRESS, Circuit Judges.

Bryce Peterson appeals the district court's denial of habeas relief under 28

U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We

"review the district court's denial of a habeas petition de novo." *Prescott v. Santoro*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

53 F.4th 470, 477 (9th Cir. 2022). The district court's denial of discovery is reviewed for abuse of discretion. *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010), *as amended*. We affirm.

1. Because Peterson's claims were adjudicated on the merits in Montana state court, he must satisfy the requirements of 28 U.S.C. § 2254(d) to be eligible for relief. Under § 2254(d), Peterson "bears the burden of demonstrating that the state court's ruling 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Prescott*, 53 F.4th at 477 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Peterson has not demonstrated that his judicial bias claim meets this standard.

To the extent Peterson advances a freestanding claim of actual innocence, such a claim "is not based on clearly established federal law," and so Peterson would have to show, under § 2254(d)(2), that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at 478–79 (quoting 28 U.S.C. § 2254(d)(2)). Peterson does not frame his actual innocence arguments within the strictures of § 2254(d)(2). But even assuming his arguments could be construed in this manner, Peterson would have to "show 'that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the [state court's] finding is supported

by the record,'" or that "no appellate court could reasonably hold 'that the state court's fact-finding process was adequate.'" *Id.* at 479 (first quoting *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012); and then quoting *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004)). Peterson's proffered evidence does not meet these standards.

2. Even without the deference accorded to state court judgments under § 2254(d), Peterson's claims fail. To demonstrate judicial bias, Peterson must "show[] . . . an undue risk of bias, based on the psychological temptations affecting an 'average judge.'" *Echavarria v. Filson*, 896 F.3d 1118, 1128 (9th Cir. 2018) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)). Peterson submitted affidavits containing hearsay allegations about an improper relationship between his sentencing judge and victim, and he also points to Facebook messages purportedly authored by the victim. But he does not provide any non-speculative evidence of judicial bias at the time of his sentencing, or at any time.

Nor did the district court abuse its discretion in denying Peterson's requested discovery. "[T]here is no general right to discovery in habeas proceedings." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999), *as amended*. Peterson has no concrete evidence showing that the judge and victim were in a relationship at the time of his sentencing. And he does not explain how his requested discovery would change matters. The district court thus did not abuse its discretion in concluding that

3

Peterson had not shown good cause for discovery under Rule 6 of the Rules Governing Section 2254 Cases.

3. Peterson has not shown actual innocence to overcome the procedural default (untimeliness) of his other claims. Actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). To satisfy this standard, Peterson must proffer "evidence of innocence so strong that we cannot have confidence" in his *Alford* plea. *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (alterations omitted) (quoting *Schlup*, 513 U.S. at 316). Peterson's evidence does not meet this standard.

*First*, as to aggravated assault, Peterson submitted an affidavit and pathologist's report to contend that the victim inflicted additional injuries on herself after the events that led to Peterson's conviction. But neither piece of evidence alters the eyewitness accounts and other evidence of the victim's injuries on the day of the altercation. Peterson's pathologist report also concluded that there was both evidence of an altercation and evidence of later injuries. Evidence that the victim had injured her ear in childhood was also known at the time of trial and not indicative of whether Peterson caused further injury. This evidence does not show that "no juror, acting reasonably, would have voted to find [Peterson] guilty beyond a reasonable doubt" on the aggravated assault charge. *Schlup*, 513 U.S. at 329.

4

*Second*, as to assault with a weapon, Peterson cites his father's time-of-travel analysis and the failure of police to discover the handgun Peterson used to threaten the victim. But Peterson's father's analysis, which supposedly would put Peterson and the victim at a different location, is inconclusive. Peterson's own investigator at sentencing also conceded that telephone records do not prove that Peterson and the victim were not at the residence when the officer performed the welfare check. And even without the handgun, a reasonable juror could find the victim's allegation credible, especially given other evidence that Peterson had displayed a handgun after assaulting the victim on a separate occasion.

*Third*, as to aggravated kidnapping and aggravated burglary, Peterson argues that he was trying to save the victim from a lithium overdose. In support of his story, he attacks the victim's credibility with her other inconsistencies and the dimensions of his truck interior. But this evidence is not so conclusive as to contradict the victim's account and other evidence that Peterson kidnapped her.

Because Peterson's claim of actual innocence fails, the district court properly denied the motion to amend the petition as futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The denial of Peterson's request to take discovery of trial counsel was also proper because the underlying claim was time-barred.

**AFFIRMED.**